# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

THOMAS MOWREY,

      Plaintiff,

v.                                        No. 2:19-cv-00927-JAP-GBW

STATE OF NEW MEXICO, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, did not sign his Complaint. *See* Complaint at 6, Doc. 1, filed October 1, 2019. The Complaint alleges that Plaintiff has requested multiple times for Defendant State of New Mexico "to make the remidies [sic] to the state[-]owned property such as the Southern New Mexico Fair Grounds to become compliant with" the Americans with Disabilities Act. Complaint at 5. Plaintiff states he will be filing a similar "laws[ui]t against the State of New Mexico 33 counties and 105 muni[ci]palities at a future date." Complaint at 4.

The Court notified Plaintiff that Fed. R. Civ. P. 11(a) requires that every pleading must be signed by a party if the party is not represented by an attorney. Order at 2. The Court also notified Plaintiff that the Complaint fails to state a claim upon which relief can be granted explaining:

> While the Complaint indicates the Southern New Mexico Fair Grounds and other state property does not comply with the Americans with Disabilities Act and related regulations, the Complaint does not contain any factual allegations supporting the alleged noncompliance. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.").

Order at 4. The Court granted Plaintiff leave to file a signed, amended complaint.

Plaintiff filed a signed, Amended Complaint on November 25, 2019. *See* Doc. 7. The Amended Complaint is a copy of the original Complaint with the following amendments: (i) "Amended" is written on the first page; (ii) two new Defendants were added on page 2; and (iii) the Amended Complaint is signed by Plaintiff on page 6.

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

The Court will dismiss this case for failure to state a claim. Despite the Court notifying Plaintiff that the original Complaint "does not contain any factual allegations supporting the alleged noncompliance" with the Americans with Disabilities Act and granting Plaintiff an opportunity to file an amended complaint, the Amended Complaint does not contain any factual allegations supporting the alleged noncompliance with the Americans with Disabilities Act.

**IT IS ORDERED** that this case is **DISMISSED with prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**